

FILED & ENTERED

OCT 30 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-41251-RK |
| **JOHN M. WOODBURN**, | Chapter 7 |
| Debtor. | **SEPARATE STATEMENT OF DECISION IN SUPPORT OF GRANTING TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURN OVER HOMESTEAD PROCEEDS** |

The motion of the Chapter 7 trustee to compel debtor to turn over homestead proceeds came on for hearing on September 17, 2013 and October 22, 2013 before the undersigned United States Bankruptcy Judge. For the reasons stated in the papers filed by the trustee in support of his motion, the court grants the trustee's motion for turnover of $50,000, including relief that to the extent that debtor no longer has the funds, judgment should be entered in favor of trustee for such amount. The previously exempt funds were either spent by the debtor or applied for his benefit, such as the funds used to pay debtor's bill to his bankruptcy attorney, and were not reinvested within the six month time period provided for under California Code of Civil Procedure, § 704.720. Debtor's argument that he is excused from entry of judgment is foreclosed by *England v. Golden (In re Golden),* 789 F.2d 698, 701 (9th Cir. 1986), which rejected the same argument now

1  being made by the debtor ("The award of a judgment for the amount claimed exempt at
2  filing, however, furthers the purpose of the California exemption to preserve the proceeds
3  of the sale for reinvestment in another home, and to prevent expenditures for nonexempt
4  purposes.").
5       After reviewing the supplemental briefing of the parties, the court further
6  concludes that the trustee's motion should be granted because the trustee's position is
7  correct on grounds that the uncontroverted evidence before the court, including the
8  exhibits and statements in the moving and opposing papers, and the statements of the
9  debtor at the hearings, is that debtor had effective possession and control of the funds
10 because the homestead exemption funds were paid by the trustee to debtor's attorney,
11 debtor's agent, on debtor's behalf, who in turn disbursed some of the exempt funds to the
12 debtor, who has admitted to spending the funds disbursed to him, and the attorney is
13 holding some of the funds in his client trust account to be applied to payment of debtor's
14 legal fee obligations to the attorney if the debtor so authorizes (debtor stated during a
15 hearing that he has not so authorized this despite his attorney's letter requesting such
16 authorization).  The court concludes that the receipt of the exempt funds by debtor's
17 attorney disbursed by the trustee on debtor's behalf constitutes actual receipt by debtor
18 for purposes of California Code of Civil Procedure, § 704.720.  While debtor does not
19 dispute that he actually received the exempt funds in part from his attorney, he disputes
20 that the funds disbursed by the trustee to the attorney on his behalf not distributed to him
21 constitutes actual receipt by him for purposes of § 704.720 (including the funds now held
22 in the attorney's client trust account, awaiting debtor's authorization to be applied to his
23 legal fee bill), and this court does not agree with this argument.   When the attorney
24 received debtor's exempt funds from the trustee on debtor's behalf, that is the date of
25 actual receipt, and it is not disputed that six months has passed since this date.
26    ///
27    ///
28

1

2   This separate statement of decision adopts and incorporates the tentative rulings
3   issued by the court before the hearings as well as supplements the court's reasons for
4   decision stated at the hearings.
5   IT IS SO ORDERED.
6   ###

Date: October 30, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **SEPARATE STATEMENT OF DECISION IN SUPPORT OF GRANTING TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURN OVER HOMESTEAD PROCEEDS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **October 30, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Helen R Frazer    hfrazer@aalrr.com
- David A Gill (TR)    mlr@dgdk.com, dgill@ecf.epiqsystems.com;DanningGill@Gmail.com
- Barry S Glaser    bglaser@swesq.com
- Sylvia Lew    Sylvialew@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
- Alvin Mar    alvin.mar@usdoj.gov
- Ron Maroko    ron.maroko@usdoj.gov
- Anthony J Rothman    anthony@arothmanlaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Barry R Wegman    barrywegman@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;joanfidelson@tilemlaw.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

*Debtor*
John M. Woodburn
272 South Los Robles Avenue
Pasadena, CA 91101-2872

JOHN J MENCHACA
835 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017

Menchaca & Company LLP
835 Wilshire Blvd Suite 300
Los Angeles, CA 90017

Najila K Brent
Najila K Brent APLC
3424 Carson St Ste 500
Torrance, CA 90503

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: